IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RPOST HOLDINGS, INC., RPOST COMMUNICATIONS LIMITED and RMAIL LIMITED, <br><br> Plaintiffs/Counter-Defendants, <br><br> v. <br><br> EXACTTARGET, INC. et al., <br><br> Defendants/Counter-Plaintiffs. | Case No. 2:12-cv-00512-JRG <br><br> JURY TRIAL DEMANDED |

**DEFENDANT EXACTTARGET'S MOTION TO DISMISS
RPOST'S CLAIMS OF WILLFUL INFRINGMENT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant ExactTarget, Inc. ("ExactTarget") respectfully moves this Court to dismiss with prejudice Plaintiffs RPost Holdings, Inc., RPost Communications Limited and RMail Limited's (collectively, "RPost") claims for willful infringement of patents 7,966,372; 8,209,389; 8,224,913; and 6,182,219.

**I.   INTRODUCTION**

Last month, ExactTarget moved to dismiss RPost's insufficient claims of willful infringement.  Dtk. No. 10.  RPost asserted willful infringement based on nothing more than the conclusory allegation that, "[o]n information and belief, Defendant's infringement of [each] patent has been and/or is willful."  Complaint ¶¶ 13, 18, 23, 28, 33.  ExactTarget supported its motion with authority holding squarely that such conclusory allegations are insufficient.  Dkt. No. 10.  RPost's Amended Complaint persists in making allegations that are insufficient to state

a claim of willfulness as a matter of law. Accordingly, ExactTarget respectfully moves to dismiss the RPost's claims for willful infringement of the '372, '398, '913, '219 patents.[1]

## II. ARGUMENT

To state a valid claim, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has made clear that a claim fails to meet this threshold requirement, and therefore must be dismissed under Rule 12(b)(6), if it merely "offers labels and conclusions" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (noting a properly pled complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" which does not occur when a plaintiff alleges "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements").

Allegations of willful infringement are significant because, if proven, they can result in enhanced damages. A claim for willful infringement requires clear and convincing evidence that the defendant: (1) was aware of the asserted patent; (2) acted despite an objectively high likelihood that its actions constituted infringement of the patent; and (3) knew or should have known of this objective risk. *See i4i Partnership v. Microsoft Corp.*, 598 F.3d 831, 860 (Fed. Cir. 2010) (willful infringement requires evidence that the accused infringer "was aware of the asserted patent, but nonetheless 'acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.'" (*quoting In re Seagate Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007)). Moreover, the plaintiff must have a proper factual basis for asserting willful infringement ***prior to*** filing its complaint. *See Seagate*, 497 F.3d at 1374 ("When a

---

[1] As stated in its Answer to the Amended Complaint, filed simultaneous with this Motion to Dismiss, a few of ExactTarget's employees saw an article referencing the '104 patent in or about June 2012, two months before RPost filed its Original Complaint. ExactTarget strongly denies the allegation of willful infringement of the '104 patent. To simplify the issue presented by this Motion, ExactTarget moves to dismiss the claims of willful infringement only as to the '372, '398, '913, and '219 patents.

complaint is filed, a patentee must have a good faith basis for alleging willful infringement") (citing Fed. R. Civ. P. 8, 11(b)).

RPost's willful infringement allegations fail to meet even the first element of this standard: that ExactTarget was aware of the asserted patents. RPost's Original Complaint did not allege that ExactTarget was aware of the patents. The Amended Complaint – submitted *after* ExactTarget moved to dismiss the allegations of willful infringement in the Original Complaint – alleges only "[u]pon information and belief, Defendants had knowledge or were aware of" the patents because products marked with one or more of the patent numbers were sold in the United States, and "RPost issued press releases regarding the issuance of the patents." Dkt. No. 14 ¶ 29.

Allegations of press coverage (let alone mere press releases) are insufficient to state a claim of willful infringement because they do not support a reasonable inference that the defendant was aware of the patent. *See SoftView LLC v. Apple Inc.*, Civ. No. 10-389-LPS, 2012 WL 3061027 at *6 (D. Del. July 26, 2012) (dismissing willfulness claim). In *SoftView*, the plaintiff advanced a deficient willfulness claim analogous to RPost's, alleging that "news stories" about the asserted patent were "published on major Web sites." *Id.* In response to the motion to dismiss, the plaintiff argued that the allegation of new stories "create[d] a reasonable inference" that the defendant was aware of the patent. *Id.* The Court rejected that argument and dismissed the willfulness claim. *Id.* (the "allegations involving media publicity do not support a reasonable inference that [defendant] learned of the [asserted] patent").

Allegations of marking are similarly insufficient to state a claim of willful infringement. *See, e.g.*, *Novatel Wireless, Inc. v. Franklin Wireless Corp.*, Civ. No. 10-cv-2530-CAB (JMA), Dkt. No. 59 at 7 (S.D. Cal. July 19, 2012) (granting motion to dismiss because allegations of marking "are insufficient for a willfulness claim"), Exhibit A.

3

Moreover, just as in its Original Complaint, RPost has alleged **no facts** showing ExactTarget acted despite an objectively high likelihood that its actions constituted infringement of the patent or that ExactTarget knew or should have known of this objective risk.

This Court accordingly should apply the Supreme Court's mandate in *Iqbal,* and dismiss RPost's claims for willful infringement. Indeed, district courts, including this one, have repeatedly dismissed conclusory allegations of willful infringement. *See, e.g.*, *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 WL 3283371 at *4 (E.D. Tex. Aug. 10, 2012) (dismissing claim where "Complaint does not allege any particular facts that would demonstrate [plaintiff's] good faith basis for alleging willful infringement"); *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 545 (E.D. Tex. 2010) (adopting report of Magistrate Judge and dismissing willfulness claim unsupported by "factual basis" – "the willfulness allegations further fall short of the 'good faith' evidentiary basis required by Rule 11(b) … *Seagate* clearly requires a patentee to do more than suggest that more definite allegations are to follow once discovery is underway"); *Pacing Techs., LLC v. Garmin Int'l, Inc.*, No. 12-CV-1067 BEN (WMC), 2013 WL 444642 at *3 (S.D. Cal. Feb. 5, 2013) ("[a] complaint with only a 'bare recitation of the required legal elements for willful infringement' will not survive a motion to dismiss"); *Select Retrieval, LLC v. Bulbs.com, Inc.*, No. 12-10389-TSH, 2012 WL 6045942 at *6 (D. Mass. Dec. 4, 2012) ("barebone, conclusory allegations fail to state a plausible claim for willful infringement"); *Robert Borsch Healthcare Systems, Inc. v. Express MD Solutions, LLC*, No. C 12-00068 JW, 2012 WL 2803617 at *3-4 (N.D. Cal. July 12, 2012) ("'a bare recitation of the required legal elements for willful infringement' is insufficient"); *Aeritas, LLC v. Alaska Air Group, Inc.*, Civ. No. 11-967-SLR, 2012 WL 4470386 at *4 (D. Del. Sept. 28, 2012) (dismissing conclusory willfulness claim).

### III. CONCLUSION

For these reasons, ExactTarget respectfully requests that the Court dismiss RPost's claims for willful infringement of the '372, '398, '913, and '219 patents.

Dated: March 28, 2013          Respectfully submitted,

/s/ *Floyd R. Nation*
Floyd R. Nation
Texas Bar No. 14819500
WINSTON & STRAWN LLP
1111 Louisiana St., 25th Floor
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
fnation@winston.com

Cynthia D. Vreeland
Texas Bar No. 20625150
WILMER CUTLER PICKERING HALE
   & DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617)526-6000
Facsimile: (617) 526-5000
Cynthia.Vreeland@wilmerhale.com

***Attorneys for Defendant EXACTTARGET, INC.***

*Of Counsel*

Peter M. Dichiara
Sydenham B. Alexander, III
WILMER CUTLER PICKERING HALE
   & DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617)526-6000
Facsmile: (617) 526-5000
Peter.Dichiara@wilmerhale.com
Sydenham.Alexander@wilmerhale.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 28th day of March, 2013, with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

                                     /s/ *Floyd R. Nation*
                                        Floyd R. Nation