IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RPOST HOLDINGS, INC., and RMAIL LIMITED,<br><br>      Plaintiffs,<br><br>v.<br><br>CITIGROUP INC.; and<br>INTUIT PAYMENTS INC.<br><br>      Defendants. | Civil Action No. 2:12-cv-512-JRG<br><br>Hon. Rodney Gilstrap<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## SECOND AMENDED COMPLAINT

Plaintiffs RPost Holdings, Inc. and RMail Limited (collectively "RPost") filed its Original Complaint on August 24, 2012 and a First Amended Complaint adding the above-named Defendants on March 12, 2013.  Defendants have not been served and have not filed a responsive pleading.  Accordingly, RPost submits this Second Amended Complaint under Fed. R. Civ. P. 15(a).  RPost alleges, based on their own knowledge with respect to their own actions and based on information and belief with respect to all other actions, as follows:

## NATURE OF THE ACTION

1.     This action for willful patent infringement arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq.

## PARTIES

2.     Plaintiff RMail Limited ("RMail") is a corporation organized under the laws of the Nation of Bermuda.  It is the owner of United States Patent No. 6,182,219 ("the '219 patent").  The '219 patent, entitled "Apparatus and Method for Authenticating the Dispatch and

Contents of Documents," is generally directed to novel apparatuses and methods for authenticating that a sender has electronically transmitted certain information via a dispatcher to a recipient. The '219 was duly and legally issued by the PTO on January 30, 2001 after full and fair examination. Subsequently, the '219 patent was the subject of an *ex parte* reexamination before the PTO. On June 19, 2012, the PTO issued an *Ex Parte* Reexamination Certificate for the '219 patent confirming the validity of all of the claims. The '219 patent is valid and enforceable. True and correct copies of the '219 and the *Ex Parte* Reexamination Certificate are attached as Exhibits A and B respectively.

3. Plaintiff RPost Holdings, Inc. ("RPH") is a corporation organized under the laws of the State of Delaware having a place of business at 555 Republic Drive #200 Plano, Texas 75074. It is an exclusive licensee, from RMail, of the '219 patent.

4. On information and belief, Defendant Citigroup Inc. has a principal place of business at 75 Holly Hill Avenue, Greenwich, CT 06830. Citigroup Inc. provides technologies that allow users to authenticate the delivery and contents of electronic documents, including but not limited to Citigroup's Citibank File Service® and CitiConnect$^{SM}$. Citigroup Inc. has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

5. On information and belief, Citigroup Inc. is a nonresident of Texas who engages in business in this state, and maintains a regular place of business in this state or a designated agent for service of process in this state. On information and belief, Citigroup Inc. resides in this jurisdiction within the meaning of within the meaning of 28 U.S.C. § 1400(b). This proceeding arises, in part, out of business done in this state. Upon information and belief Citigroup Inc. has

appointed CT Corporation System, 350 N. St. Paul Street, Ste. 2900, Dallas, TX 75201-4234 as its agent for service of process.

6. On information and belief, Defendant Intuit Payments Inc. has a principal place of business at 2632 Marine Way, Mountain View, CA 94043. Intuit Payments Inc. provides technologies that allow users to authenticate the content and delivery of electronic documents, including but not limited to Intuit's E-File service. Intuit Payments Inc. has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

7. On information and belief, Intuit Payments Inc. is a nonresident of Texas who engages in business in this state, and maintains a regular place of business in this state or a designated agent for service of process in this state. On information and belief, Intuit Payments Inc. resides in this jurisdiction within the meaning of within the meaning of 28 U.S.C. § 1400(b). This proceeding arises, in part, out of business done in this state. Upon information and belief Intuit Payments Inc. has appointed Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701 as its agent for service of process.

8. Upon information and belief, Defendants had knowledge or were aware of the '219 patent before the filing of the Original Complaint because products marked with the patent numbers of one or more of these patents are made, offered for sale, and sold in the United States, including but not limited to by RPost. RPost marks products with the patent number of one or more of the '219 patent, among other places, in the products' web-based user interface, which provides link to a list including these patents. RPost has also issued press releases regarding the

issuance of the patents found at www.rpost.com. Thus, Defendants and the public are deemed to have notice of the '219 patent.

9. Upon information and belief, Defendants had knowledge or were aware of the '219 patent before the filing of this Second Amended Complaint because RPost filed a First Amended Complaint naming each of the above identified Defendants.

10. Upon information and belief, based on the above-identified knowledge, as of at least the filing of the Second Amended Complaint, Defendants knew that they infringed the '219 patent or were aware of this patent and but acted with objectively reckless disregard for those patents by continuing to make, use, sell, and/or offer for sale products that infringe these patents.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (patent infringement).

12. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2), (c), (d) and/or 1400(b). On information and belief, Defendants conduct business in this district, the claims alleged in this Complaint arise in this district, and the acts of infringement have taken place and are continuing to take place in this district.

13. On information and belief, Defendants are subject to this Court's general and specific personal jurisdiction because Defendants have minimum contacts within the State of Texas and the Eastern District of Texas, including via the website www.citibank.com and www.turbotax.intuit.com under due process and/or the Texas Long Arm Statute, Defendants have purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendants regularly conducts and solicits business within the State of Texas and within the Eastern District of Texas; and Plaintiffs' causes of action arise

directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

14. More specifically, Defendants directly and/or through intermediaries make, offer for sale, sell, and/or advertise (including the provision of an interactive website) products and services in the United States, the State of Texas, and the Eastern District of Texas. On information and belief, Defendants have committed acts of infringement in the State of Texas and in the Eastern District of Texas. Defendants solicit customers in the State of Texas and in the Eastern District of Texas. On information and belief, Defendants have paying customers who are residents of the State of Texas and the Eastern District of Texas and who use Defendants' products and services in the State of Texas and in the Eastern District of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,182,219

15. Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

16. On information and belief, Citigroup and Intuit have been and now are infringing the '219 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that authenticate that a sender has electronically transmitted certain information via a dispatcher to a recipient, including but not limited to Citigroup's Citibank File Service® and CitiConnect® and Intuit's E-File service. Citigroup and Intuit are thus liable for infringement of the '219 patent under 35 U.S.C. § 271. Defendants' accused services are not staple articles of commerce capable of substantial non-infringing uses. On information and belief, Defendants are aware of the '219 patent and actively encourage consumers to use the accused services in a manner that infringes the '219 patent.

17. On information and belief, Citigroup's and Intuit's' infringement of the '219 patent have been and/or is willful.

18. As a result of Citigroup's and Intuit's infringement of the '219 patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Citigroup's and Intuit's infringing activities are enjoined by this Court.

19. Unless a permanent injunction is issued enjoining Citigroup and Intuit and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Citigroup and Intuit from infringing the '219 patent, Plaintiffs will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter:

1. A judgment in favor of Plaintiffs that Defendants have infringed the or '219 patent, and that such infringement has been and is willful;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert with Defendants from infringing the '219 patent;

3. A judgment and order requiring Defendants to pay Plaintiffs its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '219 patent as provided under 35 U.S.C. § 284;

4. An award to Plaintiffs for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs its reasonable attorneys' fees; and

6. Any and all other relief that the Court or the jury may deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiffs, RPost Holdings, Inc. and RMail Limited under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Respectfully Submitted,

Dated: September 9, 2013    By:   /s/ Lewis E. Hudnell, III
Winston O. Huff, Attorney in Charge
State Bar No. 24068745
Deborah Jagai
State Bar No. 24048571
W. O. Huff & Associates, PLLC
302 Market Street, Suite 450
Dallas, Texas 75202
214.749.1220 (Firm)
469.206.2173 (Facsimile)
whuff@huffip.com
djagai@huffip.com

OF COUNSEL:

Lewis E. Hudnell, III
Colvin Hudnell LLP
375 Park Avenue
Suite 2607
New York, New York 10125
Tel: 212.634.6844
Fax: 347.772.3034
lewis@colvinhudnell.com

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF FILING**

      I certify that on September 3, 2013, I electronically filed the foregoing First Amended Complaint with the Clerk of the Court using the CM/ECF system.

                                      /s/ Lewis E. Hudnell, III