## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| RPOST HOLDINGS, INC., and RMAIL LIMITED,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITIGROUP INC.; and INTUIT PAYMENTS INC.<br><br>        Defendants. | Civil Action No. 2:12-CV-00512-MHS-RSP<br><br>Hon. Michael H. Schneider<br><br><br><br>JURY TRIAL DEMANDED |

### INTUIT PAYMENTS INC.'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant Intuit Payments Inc. ("Intuit Payments"), hereby responds to the Second Amended Complaint for Patent Infringement ("Complaint") of RPost Holdings, Inc. and RMail Limited ("RMail") (collectively "Plaintiffs") as follows:

### NATURE OF THE ACTION

1.      Intuit Payments admits that paragraph 1 of the Complaint purports that this action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

### PARTIES

2.      Intuit Payments admits that United States Patent No. 6,182,219 ("the '219 patent") is on its face assigned to RMail, is entitled "Apparatus and Method for Authenticating the Dispatch and Contents of Documents" and bears a date of patent of January 30, 2001. Intuit Payments further admits that an *ex parte* reexamination certificate was issued for the '219 patent on June 19, 2012 and that a purported copy of the '219 patent and the '219 reexamination certificate were attached to the Complaint as Exhibits A and B respectively.  Intuit Payments

1

denies that the '219 patent is valid or enforceable.  Intuit Payments is without knowledge or

information sufficient to form a belief as to the truth of the remaining averments in paragraph 2

of the Complaint and therefore denies them.

3.     Intuit Payments is without knowledge or information sufficient to form a belief as

to the truth of the averments in paragraph 3 of the Complaint and therefore denies them.

4.     Paragraph 4 of the Complaint purports to aver facts regarding another named

defendant to which no response by Intuit Payments is required.  To the extent it makes averments

against and requires a response from Intuit Payments, Intuit Payments lacks knowledge or

information sufficient to form a belief as to the truth or falsity of any such averments and

therefore denies them.

5.     Paragraph 5 of the Complaint purports to aver facts regarding another named

defendant to which no response by Intuit Payments is required.  To the extent it makes averments

against and requires a response from Intuit Payments, Intuit Payments lacks knowledge or

information sufficient to form a belief as to the truth or falsity of any such averments and

therefore denies them.

6.     Intuit Payments admits that its principal place of business is in Mountain View,

California.  Intuit Payments denies that it has infringed the '219 patent in this or any other

district.  Intuit Payments denies the remaining allegations in paragraph 6 of the Complaint.

7.     Intuit Payments admits that it conducts business within the state of Texas. Intuit

Payments admits that it may be served with process by serving CSC-Lawyers Incorporating

Service, 211 E. 7th Street, Suite 620, Austin TX 78701.  Intuit Payments denies the remaining

allegations in paragraph 7 of the Complaint.

8.     Intuit Payments is without knowledge or information sufficient to form a belief as

to the truth of the averments in paragraph 8 pertaining to Intuit Payments and therefore denies them.  Paragraph 8 of the Complaint purports to further aver facts regarding other named defendants or the public to which no response by Intuit Payments is required.

9.      Intuit Payments denies that it received service of the First Amended Complaint and denies that filing of a Complaint without service constitutes notice.  Intuit Payments is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 9 pertaining to Intuit Payments and therefore denies them.  Paragraph 9 of the Complaint purports to further aver facts regarding other named defendants to which no response by Intuit Payments is required.

10.     Intuit Payments denies that filing of a Complaint without service constitutes notice.  Intuit Payments denies that it has infringed the '219 patent in this or any other district and denies any wrongdoing associated with the '219 patent.  Paragraph 10 of the Complaint purports to further aver facts regarding other named defendants to which no response by Intuit Payments is required.

## JURISDICTION AND VENUE

11.     Intuit Payments admits that this Court has subject matter jurisdiction over actions arising under 35 U.S.C. § 271 *et al*. pursuant to 28 U.S.C. §§ 1331 and 1338.

12.     Intuit Payments admits that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).  Intuit Payments also admits that it conducts business within the Eastern District of Texas.  Intuit Payments denies that it has directly and/or indirectly committed patent infringement in this or any other district.  Intuit Payments reserves the right to move to transfer venue pursuant to 28 U.S.C. § 1401(a) as venue in one or more other Districts would clearly be more convenient and/or would better serve the interests of judicial economy.

13.     Intuit Payments admits it is subject to this Court's specific personal jurisdiction. Intuit Payments denies that it has infringed the '219 patent in this or any other district and denies any wrongdoing associated with the '219 patent.  Intuit Payments denies the averments of paragraph 13 of the Complaint to the extent they require a response other than a legal conclusion, except that it admits that this Court has specific personal jurisdiction over Intuit Payments for the limited purposes of this action.  Paragraph 13 of the Complaint purports to further aver facts regarding other named defendants to which no response by Intuit Payments is required.

14.     Intuit Payments admits that it conducts business within the Eastern District of Texas, within the state of Texas and within the United States.  Intuit Payments denies that it has infringed the '219 patent in this or any other district and denies any wrongdoing associated with the '219 patent.  Paragraph 14 of the Complaint purports to further aver facts regarding other named defendants to which no response by Intuit Payments is required.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,182,219

15.     Intuit Payments incorporates by reference paragraphs 1 through 14 as if fully restated in this paragraph.

16.     Intuit Payments denies the averments in paragraph 16 of the Complaint pertaining to Intuit Payments.  Paragraph 16 of the Complaint purports to further aver facts regarding other named defendants to which no response by Intuit Payments is required.

17.     Intuit Payments denies the averments in paragraph 17 of the Complaint pertaining to Intuit Payments.  Paragraph 17 of the Complaint purports to further aver facts regarding other named defendants to which no response by Intuit Payments is required.

18.     Intuit Payments denies the averments in paragraph 18 of the Complaint pertaining to Intuit Payments.  Paragraph 18 of the Complaint purports to further aver facts regarding other

named defendants to which no response by Intuit Payments is required.

19.     Intuit Payments denies the averments in paragraph 19 of the Complaint pertaining

to Intuit Payments.  Paragraph 19 of the Complaint purports to further aver facts regarding other

named defendants to which no response by Intuit Payments is required.

## PRAYER FOR RELIEF

20.     Intuit Payments denies that Plaintiffs are entitled to any relief whatsoever, and

specifically denies each and all of the averments and prayers for relief contained in paragraphs 1

through 6 of Plaintiffs' Prayer for Relief.

21.     Intuit Payments denies all other averments in the Complaint that have not been

specifically admitted above.

## DEMAND FOR JURY TRIAL

Intuit Payments admits that the Complaint requests a trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

For its defenses to the Complaint, Intuit Payments avers as follows:

### FIRST DEFENSE
### (Failure to State a Claim)

1.     The Complaint, and each and every purported claim for relief therein, fails to state

a claim for relief against Intuit Payments.

### SECOND DEFENSE
### (Non-Infringement)

2.     Intuit Payments has not infringed and does not infringe, directly or indirectly,

literally or by the doctrine of equivalents, any valid claim of the '219 patent.

**THIRD DEFENSE**
**(Invalidity)**

3.      The '219 patent is invalid for failure to meet one or more of the conditions for

patentability specified in Title 35 of the United States Code, or the rules, regulations, and laws

related thereto, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.


**FOURTH DEFENSE**
**(Limitation on Damages)**

4.      Plaintiffs' claim for damages is barred, in whole or in part, by 35 U.S.C. §§ 286-

287.


**FIFTH DEFENSE**
**(Limitation on Recovery of Costs)**

5.      Pursuant to 35 U.S.C. § 288, Plaintiffs are barred from recovery of costs.


**SIXTH DEFENSE**
**(No Injunctive Relief)**

6.      Plaintiffs cannot satisfy the requirements applicable to its request for injunctive

relief, in any form.


**SEVENTH DEFENSE**
**(Laches, Waiver, Estoppel and/or Unclean Hands)**

7.      Plaintiffs are barred or limited from recovering damages from Intuit Payments, in

whole or in part, under principles of equity, including laches, waiver, estoppel and/or unclean

hands.


**EIGHTH DEFENSE**
**(Prosecution History Estoppel)**

8.      The doctrine of prosecution history estoppel applies to preclude reliance by

6

Plaintiffs on the Doctrine of Equivalents.

## RESERVATION OF ADDITIONAL DEFENSES

9.     Intuit Payments reserves the right to assert additional affirmative and other

defenses in the event that discovery or other analysis indicates that additional defenses are

appropriate.

## COUNTERCLAIMS

For its Counterclaims against RPost Holdings, Inc. and RMail Limited ("Plaintiffs"),

Defendant and Counterclaimant Intuit Payments Inc. ("Intuit Payments") avers as follows:

## I.     PARTIES

1.     Defendant and Counterclaimant Intuit Payments Inc. is a Delaware corporation

with a principal place of business at 2700 Coast Avenue, Mountain View, California, 94043.

2.     Upon information and belief, and as alleged in the Complaint, Plaintiff and

Counterclaim Defendant RMail is a corporation organized under the laws of the Nation of

Bermuda.  Upon information and belief, Plaintiff and Counterclaim Defendant RPost Holdings,

Inc. is a corporation organized under the laws of the State of Delaware having a place of business

at 555 Republic Drive #200 Plano, Texas 75074.

## II.     JURISDICTION

3.     Intuit Payments counterclaims against Plaintiffs pursuant to the Patent Laws of

the United States, Title 35 of the United States Code, with a specific remedy sought based upon

the laws authorizing actions for declaratory judgment in the courts of the United States, 28

U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13.

4.     This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§

1331, 1338(a), 2201(a), and 2202.

5.      This Court has personal jurisdiction over Plaintiffs by virtue of, inter alia,

Plaintiffs' filing of the Complaint in this Court.

6.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and

1400(b).  Plaintiffs have waived any objection to venue by appearing in this Court and filing its

Complaint.  Intuit Payments reserves the right to move to transfer venue pursuant to 28 U.S.C. §

1404(a) as venue in one or more other districts would clearly be more convenient and/or would

better serve the interests of judicial economy.

7.      An actual, live and justiciable controversy exists between Intuit Payments and

Plaintiffs, by virtue of Plaintiffs' Complaint in this action and Intuit Payments' Answer, as to

whether U.S. Patent No. 6,182,219 ("the '219 patent") is invalid and/or infringed by Intuit

Payments.

### III.      FIRST COUNTERCLAIM
#### (Declaration of Non-Infringement of U.S. Patent No. 6,182,219)

8.      Intuit Payments restates and incorporates by reference paragraphs 1 through 7 of

its Counterclaims as though fully set forth herein.

9.      Plaintiffs claim to be the owner of all rights, title, and interest in the '219 patent.

10.     Plaintiffs have asserted that Intuit Payments has infringed the '219 patent.

11.     Intuit Payments has not infringed and is not infringing, directly or indirectly,

literally or by the doctrine of equivalents, any valid claim of the '219 patent.  Intuit Payments is

not liable for any infringement of any valid claim of the '219 patent.

12.     Absent a declaration of non-infringement of the '219 patent, Plaintiffs will

continue to assert the '219 patent against Intuit Payments and will in this way cause damage to

Intuit Payments.

13.     Accordingly, Intuit Payments seeks a judgment holding that it does not infringe in any way any claim of the '219 patent.

## IV.     SECOND COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 6,182,219)

14.     Intuit Payments restates and incorporates by reference paragraphs 1 through 7 of its Counterclaims as though fully set forth herein.

15.     Plaintiffs claim to be the owner of all rights, title, and interest in the '219 patent.

16.     Plaintiffs have asserted that Intuit Payments has infringed the '219 patent.

17.     The '219 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

18.     Absent a declaration of invalidity, Plaintiffs will continue to assert the '219 patent against Intuit Payments and will in this way cause damage to Intuit Payments.

19.     Accordingly, Intuit Payments seeks a judgment declaring the '219 patent is invalid.

## IX.     PRAYER FOR RELIEF

Wherefore, Intuit Payments prays for relief with respect to Plaintiffs' Complaint and Intuit Payments' Affirmative and Other Defenses and Counterclaims as follows:

A.     That Plaintiffs' Complaint be dismissed with prejudice and that the relief requested by Plaintiffs and any relief whatsoever in favor of Plaintiffs be denied;

B.     That this Court find and declare that the '219 patent is not infringed by Intuit Payments and that Intuit Payments is not liable as an infringer;

C.     That this Court find and declare that the '219 patent is invalid;

D.      That this Court declare this case to be exceptional and award Intuit

Payments its attorneys' fees and costs; and

E.      That this Court grant Intuit Payments such other and further relief as the

Court may deem just and proper under the circumstances.

## X.      DEMAND FOR JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, Intuit Payments demands a trial

by jury on all claims so triable.

Dated: November 1, 2013                          Respectfully submitted,

                                                 FENWICK & WEST, LLP


                                                 By: */s/ Michael J. Sacksteder*
                                                     Michael J. Sacksteder CA Bar No. 191605
                                                     (Admitted E.D. Texas)
                                                     msacksteder@fenwick.com

                                                 Lauren E. Whittemore, CA Bar No. 255432
                                                 (Admitted E.D. Texas)
                                                 lwhittemore@fenwick.com
                                                 555 California Street, 12th Floor
                                                 San Francisco, California  94104
                                                 Telephone:        (415) 875-2300
                                                 Facsimile:        (415) 281-1350

                                                 Hector J. Ribera, CA Bar No. 221511
                                                 (Admitted E.D. Texas)
                                                 hribera@fenwick.com
                                                 Silicon Valley Center
                                                 801 California Street
                                                 Mountain View, California  94041
                                                 Telephone:        (650) 988-8500
                                                 Facsimile:        (650) 938-5200

                                                 Attorneys for Defendant
                                                 INTUIT PAYMENTS INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) on November 1, 2013.

*/s/ Michael J. Sacksteder*
Michael J. Sacksteder
