IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RPOST HOLDINGS, INC. and RMAIL LIMIITED,<br><br>    Plaintiffs,<br><br>    v.<br><br>EXACT TARGET, INC., et al.,<br><br>    Defendants. | Case No. 2:12-cv-512-JRG<br><br>Hon. Rodney Gilstrap<br><br><br>JURY TRIAL DEMANDED |

## ANSWER TO COUNTERCLAIMS

Plaintiffs and Counterclaim Defendants RPost Holdings, Inc. and RMail Limited (collectively, the "RPost Plaintiffs") answer the counterclaims in the numbered paragraphs in Defendant and Counterclaim Plaintiff Intuit Payment, Inc.'s ("Intuit") Answer and Counterclaims ("Counterclaims"). Unless expressly admitted, all of the averments made by Intuit in its Counterclaims should be deemed denied by the RPost Plaintiffs.

### PARTIES

1.  The RPost Plaintiffs admit that Intuit is a Delaware Corporation and that Intuit purports to have a principle place of business at 2700 Coast Avenue, Mountain View, California 94043.

2.  The RPost Plaintiffs admit the facts stated in Paragraph 2 of the Counterclaims.

### JURISDICTION

3.  Paragraph 3 of the Counterclaims contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, the

RPost Plaintiffs admit that Intuit purports to seek declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and under Federal Rule of Civil Procedure 13.

4. Paragraph 4 of the Counterclaims contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, the RPost Plaintiffs admit that Intuit purports to base jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

5. Paragraph 5 of the Counterclaims contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, the RPost Plaintiffs admit that they have consented to jurisdiction in this District by filing their complaint here. The RPost Plaintiffs deny any and all remaining allegations and/or legal conclusions contained in Paragraph 5 of the Counterclaims.

6. Paragraph 6 of the Counterclaims contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, the RPost Plaintiffs admit that venue is proper in this District since they have submitted to venue in this Court by filing a complaint here. The RPost Plaintiffs deny any and all remaining allegations and/or legal conclusions contained in Paragraph 6 of the Counterclaims.

7. Paragraph 7 of the Counterclaims contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, the RPost Plaintiffs admit that they assert that Intuit infringes the '219 patent but deny that there is an actual controversy concerning the validity of these patents. The RPost Plaintiffs deny any and all remaining allegations and/or legal conclusions contained in Paragraph 7 of the Counterclaims.

## FIRST COUNTERCLAIM
### (Declaration of Non-infringement of U.S. Patent No. 6,182,219)

8. The RPost Plaintiffs repeat, reallege, and incorporate their answers to paragraphs 1 through 7 of the Counterclaims as if fully set forth in this Count.

9. The RPost Plaintiffs admit that they own all rights, title, and interest in the '219 patent.

10. The RPost Plaintiffs admit the facts stated in Paragraph 10 of the Counterclaims.

11. Paragraph 11 of the Counterclaims contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, the RPost Plaintiffs admit that Intuit purports to deny that it has infringed literally, directly, or under the doctrine of equivalents any valid claim of the '219 patent. The RPost Plaintiffs deny any and all remaining allegations and/or legal conclusions contained in Paragraph 11 of the Counterclaims.

12. The RPost Plaintiffs admit that they will continue to assert the '219 patent against Intuit until Intuit ceases its unlawful and unauthorized use of the '219 patent and/or until Intuit compensates the RPost Plaintiffs for the damage that Intuit's infringement has caused. The RPost Plaintiffs deny any and all remaining allegations and/or legal conclusions contained in Paragraph 12 of the Counterclaims.

13. The RPost Plaintiffs admits that Intuit Payments purports to seek a judgment holding that Intuit does not infringe in any way any claim of the '219 patent.

## SECOND COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 6,182,219)

14. The RPost Plaintiffs repeat, reallege, and incorporate their answers to paragraphs 1 through 13 of the Counterclaims as if fully set forth in this Count.

15. The RPost Plaintiffs admit they own all rights, title, and interest in the '219 patent.

16. The RPost Plaintiffs admit the facts stated in Paragraph 16 of the Counterclaims.

17. Paragraph 17 of the Counterclaims contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, the RPost Plaintiffs admit that Intuit purports to deny that one or more claims of the '219 patent is valid under 35 U.S.C. §§ 101, 102, 103 and/or 112. The RPost Plaintiffs deny any and all remaining allegations and/or legal conclusions contained in Paragraph 17 of the Counterclaims.

18. The RPost Plaintiffs admit that they will continue to assert the '219 patent against Intuit until Intuit ceases its unlawful and unauthorized use of the '219 patent and/or until Intuit compensates the RPost Plaintiffs for the damage that Intuit's infringement has caused. The RPost Plaintiffs deny any and all remaining allegations and/or legal conclusions contained in Paragraph 18 of the Counterclaims.

19. The RPost Plaintiffs admits that Intuit Payments purports to seek a judgment declaring that the '219 patent is invalid.

## ANSWER TO PRAYER

The RPost Plaintiffs deny that Intuit is entitled to the relief sought in Paragraphs a) – e) of its Prayer for Relief.

## DEMAND FOR JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, the RPost Plaintiffs request a trial by jury of any issues raised by Intuit's Answer and Counterclaims that are so triable.

## **PRAYER FOR RELIEF**

The RPost Plaintiffs pray for the following relief on their Answer to Intuit's Counterclaims:

1. That Intuit takes nothing by its Counterclaims, and that they be dismissed with prejudice;

2. A declaration that this is an exceptional case and awarding the RPost Plaintiffs their attorneys' fees incurred in connection with this action under 35 U.S.C. § 285;

3. The RPost Plaintiffs' costs of suit; and

4. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Dated: November 22, 2013

By: */s/ Lewis E. Hudnell, III*
Winston O. Huff
State Bar No. 24068745
Deborah Jagai
State Bar No. 24048571
W. O. Huff & Associates, PLLC
302 N. Market Street, Suite 450
Dallas, Texas 75202
214.749.1220 (Firm)
469.206.2173 (Facsimile)
whuff@huffip.com
djagai@huffip.com

Lewis E. Hudnell, III
Colvin Hudnell LLP
375 Park Avenue Suite 2607
New York, New York 10152
Tel: 347.855.4772
Fax: 347.772.3034
lewis@colvinhudnell.com

ATTORNEYS FOR RPOST PLAINTIFFS

## CERTIFICATE OF SERVICE

  I certify that all parties of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 22nd day of November, 2013.

                  */s/ Lewis E. Hudnell, III*
                  Lewis E. Hudnell, III