# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| RPOST HOLDINGS, INC., et al., | Civil Action No. 2:12-cv-512-MHS-RSP |
| Plaintiffs, | Hon. Michael Schneider |
| v. | |
| EXACT TARGET, INC., et al., | |
| Defendants. | Jury Trial Demanded |

**CITIGROUP INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT OR, ALTERNATIVELY, TO STAY  LITIGATION PENDING DETERMINATION OF STATE COURT AND BANKRUPTCY COURT ACTIONS**

Judge Gilstrap already decided this issue.  On January 30, 2014, Judge Gilstrap ordered all of Plaintiffs' related cases stayed and administratively closed pending resolution of proceedings in California state court that will resolve ownership of the asserted patent.  Judge Gilstrap explained:

> If the fraudulent transfer claims are ultimately resolved in Barton's favor and the March 2011 transaction declared null and void, then that result would have a considerable impact on Plaintiffs' standing to sue in each of the above actions. During a telephonic status conference held in the Amazon action on January 27, 2014, Plaintiffs did not dispute this potential problem or the effect that it would have on the present Texas actions.  A jury trial in California is scheduled to commence in Barton 259 on November 3, 2014. ***Accordingly, the Court sees no reason to hold a trial in the Amazon case or proceed with the other actions as to patents whose ownership might soon be established in a manner that would waste the time and resources of the parties and this Court***.

Order to Stay and Administratively Close ("Order") at 11 (emphasis added). (DeLoach Decl, Ex. A)  Judge Gilstrap further observed that the facts that Plaintiffs' corporate representatives "were adjudged to have committed fraud in [the California proceedings] with malice . . .  and oppression" and that "Punitive damages were imposed against them individually . . . dictate that the Court take a cautious position until finality of the California actions is achieved."  *Id*. at 11-12.  There is no meaningful distinction between the cases Judge Gilstrap stayed and this case, which involves the same Plaintiffs and same asserted patent.[1]

## I.   The Parties' Efforts To Resolve This Issue In Light Of Judge Gilstrap's Order

Recognizing that Judge Gilstrap's order should also control resolution of the stay at issue here and in the interest of preserving judicial economy, counsel for Defendant Citigroup Inc. ("Citi") reached out to Plaintiffs' counsel on January 30, 2014 immediately following release of Judge Gilstrap's order.  Citi's counsel inquired whether Plaintiffs would agree to a stay in light

---

[1] Initially, this case was also before Judge Gilstrap.  However, Judge Gilstrap recused himself and this case was transferred to Judge Schneider.

of the Order in exchange for Citi agreeing to withdraw (without prejudice) the pending Motion to Dismiss.  (DeLoach Decl., at ¶ 5).  Plaintiffs' counsel Lewis Hudnell agreed to stay the case based on Judge Gilstrap's Order.  *Id*.  Mr. Hudnell also inquired about Intuit's pending Notice of Joinder to Citi's Motion to Dismiss or Stay.  *Id*.  Mr. Hudnell agreed to stay Intuit as well.  *Id*. The parties agreed that Citi would prepare an agreed motion for submission to the Court.  *Id.*

The next day, January 31, 2014, Mr. Hudnell changed his mind.  *Id.* at ¶ 7.  Upon receipt of Citi's draft copy of the Agreed Motion, Mr. Hudnell responded that he "discussed Defendants' approach with RPost and they do not wish to proceed in this manner."  (DeLoach Decl., Ex. D*). During a subsequent phone call, it became clear that the dispute may no longer be about the merits of the stay, but about the mechanism by which the stay is to be entered.  Mr. Hudnell indicated Plaintiffs "fully expect" the Court will adopt Judge Gilstrap's ruling and grant the stay, but that Plaintiffs are unwilling to agree to one because they want to preserve their "right to seek reconsideration."  *Id*.  Mr. Hudnell instead proposed the parties submit the matter to the Court without further briefing.  *Id.*  Because it is uncertain Plaintiffs' proposed approach would fully apprise the Court of Judge Gilstrap's decision and its applicability to this case, Citi sets forth a short argument demonstrating how Judge Gilstrap's Order directly addresses Plaintiffs' Opposition Brief (D.I. 76) and supports entry of a stay.

## II.    Argument

Judge Gilstrap's order is dispositive here and addresses each of the arguments against the stay that Plaintiffs raised in their Response Brief.  Indeed, the stay ordered by the Court applies not only to the Amazon case which had already been stayed, but also to all of "the other actions as to patents whose ownership might soon be established in a manner that would waste the time and resources of the parties and this Court."  Order at 11.  The Court expressly stated that

the '219 patent—which is the only patent asserted in this case—was among the patents affected

by the California litigation and warrants a stay:

> [I]t is undisputed that the RPost International was granted an exclusive license to use the '219 patent and its continuations.  The exclusive license was transferred as part of the March 21, 2011 transaction that is alleged to be fraudulent in Barton 259.  Therefore, even though ownership of the Feldbau patents is not at issue in California, the right to enforce the Feldbau patents is still *inextricably intertwined*.

*Id*. at 11 n. 4 (emphasis supplied).

The Court also gave each of the *Soverain* factors careful consideration and found that

they uniformly weigh in favor of staying litigation.  As to the first factor, the Court found that a

"stay will not unduly prejudice or present a clear tactical disadvantage to the Plaintiffs":

> The Plaintiffs were fully aware of the co-pending California cases, even if their Texas counsel were not.  Plaintiffs clearly knew of the serious implications those cases would have on the issue of patent ownership in the present actions.  The failure to disclose such information seriously erodes their credibility before this Court.  Still, knowing of the allegations against them in California, Khan and Tomkow chose to file the present actions (and continue to file additional actions on this group of patents) in this District.  Therefore, any prejudice this stay may impose must be attributed solely to Plaintiffs' own actions.

*Id*. at 12.  The Court further held that "permitting these Texas cases to proceed creates a risk of

undue prejudice to the Defendants by subjecting them to multiple suits should Plaintiffs not be

found to be the rightful patent owners" and that "reason requires it to stay these cases so that the

substantial cloud of uncertainty can be cleared away."  *Id*.

The Court found that the second *Soverain* factor "similarly weighs in favor of a stay":

> A resolution in Barton 259 will either simplify the issues for trial or moot these actions entirely. Either way, validity of the asset transfer agreement and the issue of ownership should be decided in California.  Plaintiffs argue that even if they lose in California these cases can still proceed as normal by merely substituting the parties.  This Court disagrees.  If the Amazon case is tried and the jury returns a plaintiff's verdict, it would be much too late to then substitute the parties. Considering the realities imposed by the co-pending litigations, the Court finds that its limited time and other resources would be better used by delaying trial of

these cases as long as they rest upon such unsteady and shifting jurisdictional grounds.

*Id*. at 13.

Finally, the Court found the third *Soverain* factor also weighs in favor of a stay. Specifically, the Court found that the early posture of the cases in which claim construction briefing has just begun, or in which—as here—the cases "are in their infancy and are still awaiting a scheduling conference" supports a stay.  *Id*. at 13.

In sum, the stay issue has already been decided.  There is no meaningful distinction between those cases and this one.  For the same reason that the Court has already stayed those cases, the Court should stay this case as well.

Dated:  February 3, 2014                    Respectfully submitted,


                                            By: /s/ Mark C. Nelson
                                            Mark C. Nelson (Lead Counsel)
                                            Texas Bar No. 00794361
                                            Juanita DeLoach
                                            Texas Bar No. 24064218
                                            DENTONS US LLP
                                            2000 McKinney Avenue, Suite 1900
                                            Dallas, Texas 75201-1957
                                            Telephone:  (214) 259-0900
                                            Facsimile:   (214) 259-0910
                                            mark.nelson@dentons.com
                                            juanita.deloach@dentons.com

                                            **COUNSEL FOR DEFENDANT
                                            CITIGROUP INC.**


## CERTIFICATE OF SERVICE

        I certify that on February 3, 2014, a true and correct copy of the foregoing document has been served on all counsel of record deemed to have consented to electronic service via the Court's CM/ECF system under Local Rule CV-5(a)(3).


                                            /s/ Mark C. Nelson
                                            Mark C. Nelson